UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-94-R

GREG CRUTCHFIELD,                                                                                    PLAINTIFF
d/b/a CRUTCHFIELD EXPRESS

v.

ARISTO BLAS SERRANO SANTOS, and                                                       DEFENDANTS
CRST VAN EXPEDITED, INC.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss for Improper Venue (Docket #5).  Plaintiff has filed a response (Docket #7) to which Defendants have replied (Docket #9).  This matter is now ripe for adjudication.  For the reasons that follow, this Court finds that venue is not appropriate in this jurisdiction and orders that the case be transferred to the United States District Court of the District of New Mexico pursuant to 28 U.S.C. § 1404(a).

**BACKGROUND**

The instant litigation arises out of a motor vehicle collision which occurred on March 13, 2007, in Sky City, New Mexico. Plaintiff alleges that while waiting in line for an open pump to fuel, Defendant Santos operated a truck and trailer owned by Defendant CRST in such a negligent and careless manner so as to cause a collision with Plaintiff's vehicle.  Plaintiff asserts that, as a result of the accident, he suffered substantial property damage to his truck, lost income, out-of-pocket motel and living expenses, towing expense of his truck from New Mexico to Mayfield, Kentucky, emotional distress, and great inconvenience and loss of business.  Plaintiff also makes a claim for punitive damages.

Defendant Santos is a resident of Reseda, California. Defendant CRST is a foreign corporation, incorporated under the laws of the State of Iowa with its principal place of business in Cedar Rapids, Iowa. Plaintiff is a resident of Mayfield, Kentucky.

## STANDARD

Here, this Court has jurisdiction over the case under 28 U.S.C. § 1332 based on the parties' diversity of citizenship. Pursuant to 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

"In cases with multiple defendants, venue must be proper with respect to *all* defendants. . . Once an objection to venue has been raised, Plaintiff bears the burden of establishing that venue is proper." *Overland Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Pursuant to 28 U.S.C. § 1406(a), if venue is inappropriate in this jurisdiction the Court must dismiss the case or, if it is in the interest of justice, transfer the case to a district in which it could have been brought.

## DISCUSSION

Plaintiff argues that venue is appropriate in this Court under 28 U.S.C. § 1391(a) as Plaintiff's truck, which was damaged in the accident, is situated in Kentucky. Plaintiff also finds venue appropriate in this Court as his truck was repaired in Kentucky, the documentation evidence relating to lost profits are located in Kentucky, the witness who towed the truck back to Kentucky is a resident of Kentucky, emotional distress occurred in Kentucky, Defendant CRST is much closer

to Kentucky than New Mexico, and the only witness to the collision is a resident of Ohio which is much closer to Kentucky than New Mexico.

Although Plaintiff's truck, which was damaged in the collision, is now located in Kentucky, its location in Kentucky is a result of Plaintiff employing someone to tow it from the accident site in New Mexico to Kentucky. Plaintiff cannot choose his venue in such a matter, otherwise Plaintiff could remove his truck to any jurisdiction in which he found it most advantageous to bring his case. Plaintiff has failed to meet his burden of establishing that venue is proper in this jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court finds that venue is not appropriate in this jurisdiction and IT IS HEREBY ORDERED that the case be transferred to the United States District Court of the District of New Mexico pursuant to 28 U.S.C. § 1404(a).

An appropriate order shall issue.